*UBS Securities LLC v. Leitner*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22ⁿᵈ day of August, two thousand eighteen.

PRESENT:   JOSÉ A. CABRANES,
           GERARD E. LYNCH,
                     *Circuit Judges,*
           EDWARD R. KORMAN,
                     *District Judge.*[*]

---

UBS SECURITIES LLC,

        *Plaintiff-Appellee,*                17-2763

        v.

GREGORY M. LEITNER,

        *Defendant-Appellant.*

---

[*] Judge Edward R. Korman, of the United States District Court for the Eastern District of New York, sitting by designation.

1

FOR PLAINTIFF-APPELLEE:                    DAVID L. GOLDBERG, Katten Muchin
                                           Rosenman LLP, New York, NY.


FOR DEFENDANT-APPELLANT:                    SAMUEL A. BLAUSTEIN, Dunnington,
                                           Bartholow & Miller LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Laura Taylor Swain, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the August 7, 2017 judgment of the District Court be and hereby is **AFFIRMED**.

Defendant-Appellant Gregory M. Leitner ("Leitner") appeals a judgment of the District Court permanently enjoining him from proceeding with an arbitration before the Financial Industry Regulatory Authority ("FINRA") against Plaintiff-Appellee UBS Securities LLC ("UBS Securities"). Beginning in April 2015, Leitner invested over $750,000 in an exchange-traded product called the E-TRACS 2x Leveraged Long Alerian MLP Infrastructure Index ("MLPL"), which had been issued by non-party UBS AG in July 2010. When the securities were redeemed pursuant to an acceleration provision in the offering documents, Leitner lost approximately $500,000.

On February 8, 2017, Leitner filed a statement of claim with FINRA, naming UBS Securities as the sole respondent. UBS Securities then commenced this action and moved to enjoin Leitner from proceeding with the arbitration. On May 12, 2017, the District Court granted UBS Securities' motion, entered a preliminary injunction, and directed Leitner "to show cause, in writing filed by June 16, 2017, why th[e] injunction should not be made a permanent judgment." *UBS Sec. LLC v. Leitner*, No. 17 CIV. 1365 (LTS), 2017 WL 5054739, at *3 (S.D.N.Y. May 12, 2017). Unpersuaded by Leitner's arguments in response to the show cause order, the District Court entered final judgment in UBS Securities' favor, permanently enjoining Leitner from proceeding with the arbitration. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

\*       \*       \*

"We review the District Court's entry of a permanent injunction for abuse of discretion, which may be found where the Court, in issuing the injunction, relied on clearly erroneous findings of fact or an error of law." *16 Casa Duse, LLC v. Merkin*, 791 F.3d 247, 254 (2d Cir. 2015) (quoting *Knox v. Salinas*, 193 F.3d 123, 128-29 (2d Cir. 1999) (per curiam)) (internal quotation marks omitted). Finding no abuse of discretion here, we affirm the District Court's judgment.

As a threshold matter, the District Court was entitled to determine whether Leitner's claims are arbitrable. "In the absence of an agreement by the parties to submit the matter of arbitrability to the arbitrator, the question of whether or not a dispute is arbitrable is one for the court." *Citigroup Glob. Mkts. Inc. v. Abbar*, 761 F.3d 268, 274 (2d Cir. 2014) (quoting *Wachovia Bank, Nat'l Ass'n v. VCG Special Opportunities Master Fund, Ltd.*, 661 F.3d 164, 171 (2d Cir. 2011)) (internal quotation marks omitted); *see also Bensadoun v. Jobe-Riat*, 316 F.3d 171, 175 (2d Cir. 2003) (requiring "'clear and unmistakable' intent to submit the issue of arbitrability to arbitrators" (quoting *John Hancock Life Ins. Co. v. Wilson*, 254 F.3d 48, 55 (2d Cir. 2001))). Leitner and UBS Securities did not enter into an arbitration agreement in connection with Leitner's purchase of MLPL, and Leitner has failed to point to clear and unmistakable indicia that the parties intended to submit the issue of arbitrability to the arbitrator.

The District Court also correctly concluded that Leitner's claims are not arbitrable. As a FINRA member, UBS Securities "must arbitrate a dispute" if "[r]equired by a written agreement" or "[r]equested by the customer." FINRA Rule 12200. Because the parties did not enter into a written arbitration agreement, UBS Securities is obliged to arbitrate the dispute only if Leitner was its customer within the meaning of Rule 12200. In *Abbar*, we defined "customer" as "one who, while not a broker or dealer, either (1) purchases a good or service from a FINRA member, or (2) has an account with a FINRA member." 761 F.3d at 275. We agree with the District Court that Leitner has not identified any evidence suggesting that he purchased a good, such as MLPL, or service from UBS Securities, and it is undisputed that Leitner does not have an account with UBS Securities.[1] We therefore see no error in the District Court's conclusion that Leitner was not UBS Securities' customer for purposes of Rule 12200.

Leitner's remaining arguments, relating principally to alleged procedural errors, are meritless. For instance, Leitner contends that the District Court erred by entering a permanent injunction without first allowing him to conduct discovery. Though "discovery (and possibly a trial) may be required" if "it is unclear whether goods or services were in fact purchased from the FINRA

---

[1] Leitner contends that he purchased a service from UBS Securities by virtue of having paid fees in connection with his investment. This argument is unavailing. Leitner does not argue that he paid fees directly to UBS Securities; while his brief for the most part fails to distinguish the UBS entities, the documents he submitted to substantiate his claim to have paid fees come from UBS AG, which issued MLPL, and which is not a FINRA member. Even if UBS Securities received from UBS AG some portion of the fees Leitner incurred, his claim to customer status would still fail. In such circumstances, the services of UBS Securities would have been purchased by, and performed for the benefit of, UBS AG rather than Leitner. *See id.* (no customer relationship where FINRA member "provided services" in connection with investment, but (1) investor "did not purchase those services from" FINRA member and (2) FINRA member "acted primarily for" its affiliate, to which investor paid fees).

member," *Abbar*, 761 F.3d at 276, that is not the case here, where the facts relevant to the District Court's determination are undisputed. Moreover, before the District Court, Leitner made no effort to identify the discovery he sought or to describe how it would have enabled him to establish customer status. *See Arch Trading Corp. v. Republic of Ecuador*, 839 F.3d 193, 207 (2d Cir. 2016) (affirming denial of discovery where "plaintiffs did not specify—and on appeal still have not specified—what discovery they might seek"); *Gualandi v. Adams*, 385 F.3d 236, 245 (2d Cir. 2004) (affirming denial of discovery where plaintiffs "failed to show how the information they hoped to obtain from this discovery would bear on the critical issue"). Leitner's argument that the District Court erred by entering the permanent injunction without first holding a hearing suffers from a similar problem: Leitner has failed to identify a factual dispute that would warrant a hearing. *See Beck v. Levering*, 947 F.2d 639, 642 (2d Cir. 1991) (no requirement that district court hold a hearing before entering a permanent injunction where no dispute of fact).

\* \* \*

We have considered any remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the August 7, 2017 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk